E-FILED
Tuesday, 14 September, 2004 01:28:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Paul M Powell,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Peoria Housing Authority,<br>a Municipal Corporation,<br><br>　　　　　　Defendant. | No. 04-1123 |

MEMORANDUM IN RESPONSE TO MOTION TO DISMISS

Paul M. Powell, by and through his attorney Charles S. Watson states, as his response to the Defendant's Motion to Dismiss, the following:

Defendant concedes that the failure to promote claim is actionable.

Furthermore, Count III arises from 42 U.S.C. §1981. None of the arguments made in the Motion to Dismiss take this into account. Defendant's arguments concerning the exhaustion (300 day rule) requirements do not apply to this count. Moreover, the Supreme Court recently noted that the four year statute of limitations applies to Powell's (all post-formation) claims arising under §1981. Jones v. R.R. Donnelley & Sons Co., __U.S.___, 124 S.Ct. 1836, 1845 (2004). (Compare, ***Patterson v. McLean Credit Union***, 491 U.S. 164, 109 S. Ct. 2363 1989)). All of the race discrimination allegations of ¶¶ 13-51, and 17-20 are encompassed within the broad reach of §1981.

Defendant also mistakes what is required of a charge of discrimination. Seemingly believing that a charge of discrimination must read like "fact pleading" from the Illinois state courts, Defendant adopts only the claim of failure to promote – because it is "factual" – as being operative. In fact, a charge of discrimination need not allege

Charles S. Watson
P.O. Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@ccwlaw.com

facts. See, 29 C.F.R. § 1601.12(b). The Supreme Court recently noted that the EEOC regulations require charge to set forth "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Edelman v. Lynchburg College, 535 U.S. 106, 110 FN2, 122 S.Ct. 1145 (2002)(quoting 29 C.F.R. § 1601.12(b)).

> The entirety of the text of Plaintiff's Charge of Discrimination reads as follows:
>
> I was hired by the Respondent on or around October 1, 1992. My current position is Carpenter. After being hired by the Respondent, I have been assigned to one location, although my non-Black, co-workers are rotated to different locations which are under the Respondent's control. On or around January 1, 2002, two new trucks were assigned to the two non-Black carpenters, although the Black carpenters have more seniority. Also on or around April 1, 2003, discovered that one of the non-Black carpenters had been promoted to a position that I was qualified for. Although they were required to, Respondent did not post this position. Finally, on August 8, 2003, I learned that a non-Black carpenter had been assigned to a position that I am as qualified for. Respondent did not interview me for this position although I applied for it.

The charge form indicates that the date of discrimination stretch from 1992 until August 8, 2003. The form also notes that the charge is being brought under claims of religious discrimination. The charge of discrimination sets forth much more than the failure to promote claim. Although inartful, the charge describes a continuing course of treatment differentials and/or harassment. It generally described what was complained of and was enough to put the Defendant on notice. All of the plaintiff's claims in the Complaint are encompassed within the charge of discrimination and are actionable here.

> Plaintiff's claim is largely for hostile environment discrimination:
>
> Hostile environment claims are different in kind from discrete acts. Their

Charles S. Watson
P.O. Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com

very nature involves repeated conduct. See 1 B. Lindemann & P. Grossman, Employment Discrimination Law 348-349 (3d ed.1996) (hereinafter Lindemann) ("The repeated nature of the harassment or its intensity constitutes evidence that management knew or should have known of its existence"). The "unlawful employment practice" therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.

National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

The Defendant makes much of claiming that the individual allegations contained in the charge of discrimination are not severe enough to establish an adverse job action. This argument is premature. The Plaintiff is not required to plead factual assertions in either the charge of discrimination or the complaint. This argument should be reserved for a motion for summary judgment. Further, if the matters alleged are too mild to amount to actionable discrimination of themselves, the Defendant should not be heard to argue that the same allegations should have given rise to Plaintiff's knowledge he was being discriminated against (during the continuing harassment), thus triggering the 300 day count. The claim for harassment is timely.

As to the claim that Powell was retaliated against after the charge of discrimination was filed was brought within 300 days (by definition) and is not subject to the exhaustion/administrative filing argument. It is true that the claim for discrimination – including retaliation for opposing discrimination – must be contained in the charge filed with the EEOC. But there is "an exception to the rule for the case in which the alleged retaliation is for filing the first claim". Heuer v. Weil-McLain, a Div. of The Marley Co., 203 F.3d 1021, 1023 (7th Cir. 2000).

Charles S. Watson
P.O. Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@ccwlaw.com

The more substantive argument has to do with the allegation that the charges do not allege sufficient harm to be actionable as they do not describe adverse job actions. Unfortunately for Defendant, the charges are not before the court – the Complaint is. The complaint alleges enough to put the Defendant on notice of what it is being charged with – and that is what the federal rules require. "In Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we [the Supreme Court] said in effect that the Rule meant what it said: "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160 (1993). Defendant, after discovery, may bring this argument again in the context a motion for summary judgment – but the argument is premature here.

Wherefore the Motion to Dismiss is without merit and should be denied.

Respectfully Submitted,
Plaintiff,
Paul M. Powell,


By:/s/ - Charles S. Watson
Charles S. Watson #6186244
Attorney for the Plaintiff

Charles S. Watson
P.O.Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com