E-FILED
Friday, 29 October, 2004  02:39:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Paul M. Powell, | ) | |
|     Plaintiff | ) | |
| | ) | |
| | ) | Case No. 04-1123 |
| | ) | |
| Peoria Housing Authority, | ) | |
|     Defendant | ) | |

**ORDER**

Now before the court is the defendant's Motion to Dismiss and/or Strike (#10). For the following reasons, the motion is granted in part and denied in part.

**MOTIONS TO DISMISS GENERALLY**

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, it should be construed broadly and liberally in conformity with the mandate in Rule 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Scheuer v. Rhodes, 416 U.S. 232 (1974); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas.Co., 959 F.2d 75 (7th Cir. 1992).

A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. Sutliff, Inc. v. Donovan Companies, Inc., 727 F.2d 648 (7th Cir. 1984). However, a complaint need not plead legal theory, nor need it match facts to every element of a legal theory. Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998). A complaint is not insufficient merely because it does not set forth a "complete and convincing picture of the alleged wrongdoing." American Nurses' Assoc. v. Illinois, 783 F.2d 716, 727 (7th Cir. 1986).

The Seventh Circuit has emphasized the "limited analysis appropriate on a motion to dismiss under Rule 12(b)(6)." Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998). General allegations of elements of a claim, unsupported by factual allegations in support, are sufficient to satisfy the "minimal requirements of federal notice pleading." Id. at 328. This is true even in pleading a state-law claim arising under Illinois law, which requires much-more demanding fact-pleading. Id. A plaintiff may satisfy this requirement by pleading either enough operative facts or conclusions so that the defendant is given minimal notice of the claim and the court can understand that gravamen of the complaint. Kyle v. Morton High School, 144 F.3d 448, 454 (7th Cir. 1998). A motion to dismiss is not an occasion to argue the merits of a case. Weiler v. Household Finance Corp, 101 F.3d 519, 524 n.1 (7th Cir. 1996).

If the plaintiff's claim as plead, however, is "without legal consequence," dismissal is proper; Grzan v. Charter Hospital, 104 F.3d 116, 119 (7th Cir. 1997). One of the purposes of Rule 12(b)(6) is to eliminate actions that are fatally flawed in their legal premises and are destined to fail, thus sparing litigants the burdens of unnecessary pretrial

and trial activity. Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993).

The Federal Rules of Civil Procedure do not require that a complaint describe alleged wrongdoing with particularity. But when a plaintiff chooses to "plead particulars, and they show he has no claim, then he is out of luck -- he has pleaded himself out of court." Thomas v. Farley, 31 F.3d 557, 558-59 (7th Cir. 1994); Jefferson v. Ambroz, 90 F.3d 1291, 1295 (7th Cir. 1996).

**DISCUSSION**

**BACKGROUND FACTS**

The following facts are taken from the complaint unless otherwise noted and are taken as true for purposes of this motion. Plaintiff, a Black man, is of the Jehovah's Witness faith. He was hired by defendant as a carpenter in October of 1992. On September 9, 2003, he filed a charge with the EEOC, that reads in pertinent part as follows:

> After being hired by the Respondent, I have been assigned to one location, although my non-Black, co-workers are rotated to different locations which are under the Respondent's control. On or around January 1, 2002, two new trucks were assigned to the two non-Black carpenters, although the Black carpenters have more seniority. Also on or around April 1, 2003, discovered [sic] that one of the non-Black carpenters had been promoted to a position that I was qualified for. Although they were required to, they did not post this position. Finally, on August 8, 2003, I learned that a non-Black carpenter had been assigned to a position that I am as qualified for. Respondent did not interview me for this position although I applied for it.

After receiving his right to sue letter, Powell filed this lawsuit; an amended complaint was filed on August 24. In the amended complaint, plaintiff alleges violations of the Equal Employment Opportunity Act [Title VII], 28 U.S.C. § 2000e (Counts I and II), and of 42 U.S.C. § 1981 (Count III). In that complaint, he includes the allegation that he is a member

3

of the Jehovah's Witness religion; that he has "not been given the same consideration for job assignments" as non-Blacks and members of other religions; that he has been passed over for promotions; that he has been given less desirable job locations and assignments, and that he always is assigned the oldest and least reliable equipment. This treatment, he alleges, constituted race discrimination in violation of § 1981 and created a hostile work environment in violation of Title VII. When he complained of the treatment, he alleges that he was retaliated against by being the target of unfounded disciplinary charges, also a violation of Title VII.. He seeks damages, injunctive and declaratory relief, and attorney's fees.

Defendant has moved to dismiss and/or strike, arguing that some of the complaint is untimely. In addition, defendant argues that the complaint includes allegations of misconduct that are barred because they were not the subject of the EEOC charge. Finally, defendant asserts that the complaint fails to allege any adverse employment action, an essential element of a Title II action.

**TIMELINESS**

Under Title VII[1], a charge must be filed with the EEOC within 300 days after the alleged unlawful employment practice. § 2000e-5(e)(1). In this case, that means that any event that occurred before November 13, 2002, cannot form the basis of liability and is time-barred. According to defendant, plaintiff has not plead the dates for his claims that the defendant failed to rotate his work assignments or to provide him with good equipment. Defendant seeks to bar consideration of any event that occurred before the cut-off date.

---

[1] Claims brought under § 1981 are not subject to the 300 day limitation, so the discussion of timeliness relates only to the Title VII claims in Counts I and II.

Plaintiff responds that defendant's argument fails to take into account his hostile work environment claim under Title VII.

The Seventh Circuit has considered whether the affirmative defense of timeliness (Fed.R.Civ.P.9(f)) can be considered in resolving a motion to dismiss. In <u>Barry Aviation Inc. v. Land O'Lakes Municipal</u>, 377 F.3d 682 (7th Cir. 2004), the court noted that generally speaking this affirmative defense, like others, need not be anticipated in the complaint, and that resolution of timeliness issues "come after the complaint stage. <u>Id.</u> at 688. See also, <u>U.S. v. Northern Trust Co.</u>, 372 F.3d 886 (7th Cir. 2004) .

As the Seventh Circuit has noted, plaintiffs spare everyone if dates are plead, for then the issue of timeliness can be considered on a motion for summary judgment (or a motion for judgment on the pleadings) rather than on a motion to dismiss. <u>Clark v. City of Braidwood</u>, 318 F.3d 764,767 (7th Cir. 2003). The appropriate test at the pleadings stage[2], as noted above, is whether there is any set of facts that, if proven, would overcome the statute of limitations defense. Where no dates are plead, that possibility certainly exists, especially here where the plaintiff has alleged a hostile environment and might be able to argue a continuing violation. See, <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114-15 (2002). To the extent that the motion relies on timeliness issues, it is denied. Defendant may, of course, re-raise this issue at the summary judgment stage of these proceedings.

---

[2]This case is differentiated from cases in which dates are plead that establish untimeliness. See, e.g., <u>U.S. v. Northern Trust Co.</u>, 372 F.3d 886 (7th Cir. 2004) In such cases, Fed.R.Civ.P.9(f) mandates that the dates be "considered like all other averments of material matter." Nothing in the Rule requires that dates be plead; only if there is some other statutory mandate must dates be plead.

**ALLEGATIONS BEYOND THE SCOPE OF THE CHARGE**

The scope of an EEOC charge limits the scope of a subsequent judicial complaint. See, Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 127 (7th Cir. 1989). In order to define the scope of the charge, the Seventh Circuit has directed that the court inquire "what EEOC investigation could reasonably be expected to grow from the original complaint?" Novitsky v. Am. Consulting Eng'rs. L.L.C., 196 F.3d 699, 701 (7th Cir. 1999). The Court has also advised that "When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." Ajayi v. Aramark Bus. Servs. Inc., 336 F.3d 520, 527 (7th Cir. 2003).

The EEOC charge and subsequent judicial complaint are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals. Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 550 (7th Cir.2002). See also, Cheek v. W.&S. Life Ins. Co., 31 F.3d 497, 501 (7th Cir. 1994).

On plaintiff's charge to the EEOC, he placed a check-mark in the box for religious discrimination. The facts alleged in the charge, however, refer only to differential treatment based on race; there is no reference to religion at all.

The parties have cited no cases with these facts. The court has found none. I find, however, that there is nothing in the charge that implicates Title VII's mandates that the employer not discriminate on the basis of religion, 42 U.S.C. § 2000e(a), and that it "reasonably accommodate" an employee's religious observance, 42 U.S.C. §2000e(j). The

6

charge is entirely focused on differential treatment based on race. A charge alleging that the employer had failed to promote and had treated the employee differentially on the basis of race does not provide adequate notice of discrimination on the basis of religion, even if the "religion" box is checked. To read "religious discrimination" into the charge in this case would "circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Babrocky v. Jewel Food Co., 773 F.2d 857, 963 (7th Cir. 1985), quoted in Buggs v. Elgin, Joliet & Eastern Ry. Co., 46 F.3d 1133 (7th Cir. 1995)(table; text at 1995 WL 42343). "Checking the right box on the EEOC form is not the only criteria." O'Rourke v. Continental Cas. Co., 983 F.2d 94, 98 (7th Cir.1993). I conclude that plaintiff's claims based on religion are not reasonably related to claims of race discrimination, and any such claims may therefore not be raised in this lawsuit.

The same is true of retaliatory discipline. An investigation into the circumstances surrounding promotions or the assignment of jobs and/or equipment is not reasonably likely to lead to the discovery of discipline. They are entirely separate events. To paraphrase the Seventh Circuit, retaliation, race discrimination and racial harassment charges "are not like or reasonably related to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another." Sitar v. Indiana Dept of Transp., 344 F.3d 720, 726 (7th Cir. 2003). See, National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110-15 (2002). See also, Harper v. Godfrey Co., 45 F.3d 143, 147-48 (7th Cir. 1995)(discipline); Peters v. Renaissance Hotel Op. Co., 307 F.3d 535, 550 (7th Cir. 2002)(retaliation). Plaintiff's failure to file a charge based on retaliation and/or discipline therefore bars those claims in this lawsuit.

With respect to plaintiff's assertion of a hostile work environment, however, I conclude that the factual allegations made in the EEOC charge cannot be read as reasonably implying a hostile work environment. See, Cheek, 31 F.3d 497; Perry v. Harris Chernin, Inc., 126 F.3d 1010, 1013 (7th Cir. 1997). Every allegation contained in the charge arises in the context of an employment-related decision. There is no overt hostility mentioned, and while, if true, these decisions may reflect discrimination, they do not rise to the type of unbearable circumstances that are the hallmark of a hostile environment claim. To the extent that plaintiff's suit asserts such a claim, it is stricken.

**ADVERSE EMPLOYMENT ACTION**

The balance of plaintiff's charge is that he received less desirable work assignments and equipment than non-Black employees and that he was passed over for promotions on two specific instances. Defendant challenges the assumption that these incidents rise to the level of an adverse employment action.

The essential elements of a claim of discrimination under Title VII are: (1) the employee is a member of a protected class; (2) the employee was performing at a satisfactory level; (3) the employee was subject to an adverse employment action; and (4) the employee was treated less favorably that similarly situated employees not in the class. McDonnell Douglas Corp v. Green, 411 U.S. 792, 802 (1973).

An "adverse employment action" is one that significantly alters the terms and conditions of the employee's job. Stutler v. Ill. Dep't of Corrections, 263 F.3d 698, 703 (7th Cir. 2001). It must be "materially adverse," not merely a change in job responsibilities or an inconvenience. Hilt-Dyson v. City of Chicago, 282 F.3d 456, 465 (7th Cir. 2002). Although there can be no comprehensive list of events that meet that definition, the

Seventh Circuit has outlined those that do: termination of employment, a demotion with decreased wages, a less distinguished title, a material loss of benefits or diminution of responsibilities. Id. citing to Ribando v. United Airlines, Inc., 200 F.3d 507, 510 (7th Cir. 1999). While an adverse employment action need not be quantifiable in terms of pay or benefits, "not everything that makes an employee unhappy is an actionable adverse action." Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996).

Surely the types of conduct alleged in this complaint -- failure to promote, failure to provide minority employees with on-the-job training offered to other employees, and a pattern of relegating minority employees to positions carrying lower wages and benefits -- would constitute, if proven, adverse employment actions. These allegations are materially different than those in Griffin v. Potter, 356 F.3d 824, 829 (7th Cir. 2004), where peripheral aspects of the plaintiff's job - her shift was changed and her commute lengthened -- were not accompanied by any change in job responsibilities or material benefits. Here, many of the types of conduct alleged are the very types of discriminatory treatment that Title VII was designed to prohibit. While standing alone assigning substandard equipment may not be actionable, in combination with the other allegations it is at least a material allegation. At this stage of the proceedings, it would be erroneous to say that plaintiff cannot prove any set of circumstances rising to the requisite level of an adverse employment action. The motion to dismiss on this basis is denied.

**SECTION 1981**

This statute protects the rights of all citizens to equal opportunity in employment to make and perform contracts and to enjoy all the benefits, terms and conditions of the employment relationship. 42 U.S.C. § 1981. Plaintiff has alleged various violations of those statutory rights. The arguments presented by defendant either do not apply to claims under § 1981 or they are not appropriately considered at this stage of the proceedings, given the allegations of the charge and the complaint. To the extent that defendant's motion is addressed to Count III, it is denied.

## CONCLUSION

The motion to dismiss is granted in part and denied in part. Plaintiff is directed to file an amended complaint within 14 days of the date of this order, consistent with the discussion herein. Defendant is to file an answer within 14 days thereafter.

ENTER this 29th day of October 2004.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE