**E-FILED**
Tuesday, 09 November, 2004  01:33:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Paul M Powell, | |
| Plaintiff, | |
| v. | No. 04-1123 |
| Peoria Housing Authority, a Municipal Corporation, | |
| Defendant. | |

SECOND AMENDED COMPLAINT AT LAW AND EQUITY
AND DEMAND FOR JURY TRIAL

Comes Now the Plaintiff, Paul M. Powell by and through his attorney, Charles S. Watson, and complaining of the Defendant the Peoria Housing Authority states as follows:

## JURISDICTION

1.      This Court has jurisdiction of the claim and of the parties pursuant to 28 U.S.C. §§1331, and 1343 (4), as this matter arises from an alleged violation of the Equal Employment Opportunity Act of 1964 (42 U.S.C. § 2000e, et seq.), and of 42 U.S.C. §1981.

2.      The request by the Plaintiff for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201, and 2202.

Charles S. Watson
P.O.Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com

## VENUE

3.   Venue is proper in the Central District of Illinois. pursuant to 28 U.S.C. § 1391(b)(1) as all of the parties reside or exist in the Central District of Illinois, and a substantial portion of the events and omissions giving rise to this claim occurred in the Central District of Illinois.

4.   Venue is proper in the Peoria Division of the Central District of Illinois pursuant to CDIL-LR 40.1(D) as all of the parties reside or exist in the Central District of Illinois, and all or a substantial portion of the events and omissions giving rise to this claim occurred in Peoria county, Illinois.

5.   Plaintiff timely filed his charge of discrimination, and a Notice of Right to Sue was subsequently issued.  The original complaint was filed within ninety (90) days of the issuance thereof, and the Notice of Right to Sue was attached to the original complaint and is, therefore, on file with the court.

## PARTIES

6.   Plaintiff, Paul M. Powell (hereinafter referred to as "Powell") is black, and was at all times pertinent to this matter an adult resident of the state of Illinois, and was employed at all times pertinent to the matters alleged below by the Defendant the Peoria Housing Authority.

7.   Defendant Peoria Housing Authority (hereinafter referred to as "PHA"), is a municipal corporation charged with and engaged in, inter alia, maintaining and managing certain public housing units and related activities

Charles S. Watson
P.O.Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com

in the City of Peoria.

## COMMON ALLEGATIONS

8.     The allegations of this section of the amended complaint are intended to apply to each count set forth below.

9.     At all times referred to below, PHA was an employer as that term is defined by the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000e(b))(hereinafter "Title VII").  At all times pertinent to the matters alleged herein Powell was an employee of PHA as that term is defined by Title VII.

10.     Plaintiff became an employee of the PHA in 1992, and has been for at least the last decade a carpenter for the PHA.

11.     Plaintiff's supervisors are aware of Powell's race.

12.     Plaintiff is a qualified employee, and performs his job duties for the PHA in a competent manner within the requirements of the PHA.

13.     Plaintiff has passed over for posted and non-posted promotions that have occurred in the PHA.

14.     Plaintiff has not been given the same consideration for job assignments as whites.

15.     Plaintiff has been consistently assigned to objectively less desirable work locations and assignments than comparable whites.

16.     Plaintiff has consistently been assigned the oldest, least reliable and least capable equipment with which to do his job as compared to comparable

Charles S. Watson
P.O.Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com

white employees.

17.    The Plaintiff has been the target of unfounded disciplinary charges for behaviors that are not disciplined if committed by whites.

## COUNT I
## TITLE VII - DECLARATORY AND INJUNCTIVE RELIEF

18.    The Plaintiff has been the subject of discrimination based on his race as set forth above.

19.    Plaintiff is entitled to a declaration of the illegality of the PHA's actions.

20.    Plaintiff is entitled to reimbursement for back pay.

21.    Plaintiff is also entitled to an award of front pay, or in the alternative, appointment to a supervisory position.

Wherefore, Plaintiff respectively prays and demands that this honorable Court enter an order as follows:

a.    Declaring the action of the PHA to have violated the Equal Employment Opportunity Act;

b.    Awarding Plaintiff back pay and front pay, or appointment to a promotional or supervisory position;

c.    An injunction permanently barring PHA from using race as the or a basis for employment decisions;

d.    The establishment of a mechanism by which the PHA's

Charles S. Watson
P.O.Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com

compliance with the injunction can be monitored;

      e.     An award of costs, including reasonable attorneys' and experts'

      f.     fees; and such other and further relief as the Court deems just

under the circumstances.

COUNT II
TITLE VII - DAMAGES

22.    Plaintiff has been the subject of race discrimination as aforesaid.

23.    As a direct and proximate result of the race discrimination of the PHA Plaintiff has suffered great emotional distress, loss of reputation, and other injuries.

Wherefore, Plaintiff prays and demands that judgement be entered in his favor and against the Defendant PHA in the amount of at least $50,000.00, plus costs including reasonable attorneys' and experts' fees.

COUNT III
§ 1981

24.    The Plaintiff has been the subject of retaliatory acts by the PHA since he filed his charge of discrimination.

25.    Plaintiff has been the subject of race discrimination as aforesaid.

26.    As a direct and proximate result of the race discrimination Plaintiff has lost wages, and may reasonably be expected to lose wages in the future.

27.    As a direct and proximate result of the race discrimination of the PHA Plaintiff has suffered great emotional distress, loss of reputation, and other

Charles S. Watson
P.O.Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com

injuries.

Wherefore, Plaintiff prays and demands that judgement be entered in his

favor and against the Defendant PHA in the amount of at least $50,000.00, plus

costs including reasonable attorneys' and experts' fees.

Respectfully Submitted,
Plaintiff,
Paul Powell,


By: s/ Charles S. Watson
Charles S. Watson, No. 06186244
Attorney for the Plaintiff
Watson Law
P.O.Box 5477
Springfield IL 62705-5477
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com

Charles S. Watson
P.O.Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com