E-FILED
Tuesday, 09 November, 2004 01:39:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Paul M Powell,<br><br>                Plaintiff,<br><br>v.<br><br>Peoria Housing Authority,<br>a Municipal Corporation,<br><br>                Defendant. | No. 04-1123 |

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

In paragraph 20 of the Amended Complaint the Plaintiff alleged that he had been subjected to retaliation since the filing of his charge of discrimination. The court ruled that because there was no charge of discrimination that could arguably include allegations of retaliatory conduct, the assertions were barred.

But such post-filing retaliation need not be the subject of another charge of discrimination – nor need it be related to matters alleged in the charge of discrimination as it is the filing of the charge of discrimination that is the act that gave rise to the retaliation.

The Court's order on this issue appears to miss the distinction between the allegations of pre-filing retaliation and post-filing retaliation. The Seventh Circuit has recognized this distinction for quite some time:

> It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case--a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII. We are reluctant to erect a needless procedural barrier to the private claimant under Title VII, especially since the EEOC relies largely upon the private lawsuit to obtain the goals of Title VII. Intertwined with this practical

Charles S. Watson
P.O.Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com

reason for our holding is a strong policy justification. Eliminating this needless procedural barrier will deter employers from attempting to discourage employees from exercising their rights under Title VII.

McKenzie v. Illinois Dept. of Transp., 92 F.3d 473, 482 (7th Cir. 1996)

Powell's administrative complaint – the charge – did not mention retaliation.

But because the retaliation took place after the filing of the charge it should be allowed.

For, as Judge Posner said:

"[The Plaintiff] did not mention retaliation in her administrative complaint. Yet despite the rule that we have just stated, this omission did not bar her from litigating the issue of retaliation. She was within an exception to the rule for the case in which the alleged retaliation is for filing the first claim, so that, if the rule did apply, separate administrative complaints would have to be filed, which has seemed unduly burdensome. E.g., McKenzie v. Illinois Dept. of Transportation, supra, 92 F.3d at 482-83; Wallin v. Minnesota Dept. of Corrections, 153 F.3d 681, 688-89 (8th Cir.1998).

Heuer v. Weil-McLain, a Div. of The Marley Co. 203 F.3d 1021, 1023 (7th Cir. 2000)

Plaintiff reads the Court's order as allowing the assertion of all of the retaliation within the context of the §1981 count. But, but same should be allowed for post-filing retaliation in the Title VII counts.

Respectfully Submitted,
Plaintiff,
Paul Powell,

By: s/ Charles S. Watson
Charles S. Watson, No. 06186244
Attorney for the Plaintiff
Watson Law
P.O.Box 5477
Springfield IL 62705-5477
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com

Charles S. Watson
P.O.Box 5477
427 E. Monroe St.
Suite 301
Springfield IL 62705
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com