E-FILED
Monday, 29 November, 2004  01:53:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Paul M. Powell, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case No. 04 -1123 |
| | ) | |
| Peoria Housing Authority, | ) | |
| Defendant | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court is the plaintiff's motion to reconsider (Doc. #18) a portion of this court's Order entered on October 29, 2004. The defendant has not filed a response. For the reasons herein stated, the motion is granted.

Plaintiff asserts as erroneous this court's ruling that the retaliation claim cannot be asserted in this litigation because it was not set out in an EEOC charge. According to plaintiff, there is a distinction between claims of pre-filing retaliation and post-filing retaliation. Plaintiff is correct.

Where the filing of the EEOC charge is alleged to have been the "catalyst" for retaliation by an employer, the Seventh Circuit has created an exception to the general rule requiring exhaustion of remedies. Under those circumstances, there is no requirement that the retaliation have been the subject of an EEO charge. See, McKenzie v. IDOT, 92 F.3d 473 (7th Cir. 1996); Aviles v. Cornell Forge Co., 183 F.3d 598, 603 (7th Cir. 1999); Kersting v. Wal-Mart Stores, Inc., 250 F.3d 1109 (7th Cir. 2001); Heuer v. Weil-McLain, 203 F.3d 1021 (7th Cir. 2000); Gawley v. Indiana University, 276 F.3d 301 (7th Cir. 2001);

In the plaintiff's original complaint[1], he alleged that "[s]ince filing my charge with the EEOC, I have received 2 reprimands which have been placed in my file and sent to the EEOC." The complaint contained no explicit reference to retaliation, but an inference could reasonably have been made from this assertion that the reprimands were retaliatory. Because they post-dated the filing of the EEO charge, inclusion of the retaliation claim is not, as previously ordered, subject to the exhaustion requirement.

Accordingly, that aspect of the court's earlier order is hereby vacated, and plaintiff may proceed with his retaliation claim to the extent discussed herein.

## CONCLUSION

For the above-stated reasons, the plaintiff's motion to reconsider [#18] is granted. The portion of the court's Order of October 29, 2004, dismissing the retaliation claims, is vacated in part, as stated herein. Plaintiff is given leave to file an amended complaint that includes retaliation under Title VII as a claim. Once the amended complaint has been filed, defendant shall file an answer within 14 days.

ENTER this 29th day of November 2004.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's recently-filed amended complaint contains no allegation of retaliation, in compliance with the court's earlier order at issue herein.