E-FILED
Tuesday, 28 June, 2005  09:23:47 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Paul M. Powell,<br><br>        Plaintiff,<br><br>v.<br><br>Peoria Housing Authority,<br><br>        Defendant. | No. 04-1123 |

CONSENT CONFIDENTIALITY ORDER

The parties to this Consent Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    Scope. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Confidentiality shall not be considered proper grounds for the non-production of any document or other information, if same is covered by this Order.

2.    Form and Timing of Designation.
    a.    A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document. If only a portion of a document contains confidential information, that portion shall be specifically designated, and only that portion so designated shall be subject to the provisions of this Order.
    b.    Documents shall be designated Confidential prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.
    c.    If a party discovers that it inadvertently disclosed confidential documents it shall make a supplemental disclosure indicating the inadvertent disclosures, and making the proper designations. The party making the inadvertent disclosure of confidential information shall bear the costs incurred by the other parties in relation to the supplemental disclosure and complying with this order under th circumstances. If the document has been made public prior to the

supplemental disclosure, this order shall not apply.

3. <u>Documents Which May be Designated Confidential.</u> Records of physical or mental health care, personnel files, and school records are presumed to be confidential. Any party may designate any other documents as Confidential but only after review of the documents by an attorney who has in good faith determined that the documents contain information protected from disclosure by statute, rule, or that should be protected from disclosure as confidential personal information, trade secrets, or for other reasons. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as Confidential.

4. <u>Depositions.</u> Deposition testimony shall be deemed Confidential only if designated as such. Such designation shall be specific as to the portions to be designated Confidential. Depositions, in whole or in part, shall be designated on the record as Confidential at the time of the deposition. Deposition testimony so designated shall remain Confidential until seven days after delivery of the transcript by the court reporter. Within seven days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated Confidential. Thereafter, those portions so designated shall be protected as Confidential pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the Confidential designation made on the record of the deposition.

5. <u>Protection of Confidential Material.</u>

   a. General Protections. Documents designated Confidential under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5.b for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

   b. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential documents to any third person or entity except as set forth in subparagraphs (i)-(vi). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated Confidential:

   i. Counsel. Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

   ii. Parties. Parties and employees of a party to this Order.

   iii. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

   iv. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

   v. Consultants and Experts. Consultants, investigators, or experts

(hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

vi.    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c.    Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this Order.

d.    Copies. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6.    <u>Filing of Confidential Documents Under Seal.</u> Before any document marked as Confidential is filed with the Clerk the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with the party which originally designated the document as Confidential to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, before a confidential document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. If the contents of Confidential documents are incorporated into memoranda or other pleadings filed with the court, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to Confidential documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. Documents attached to or filed in support or opposition to a motion for Summary Judgment shall be redacted to protect matters subject to this order if possible – but if not, the document must be filed as a public document

7.    <u>No Greater Protection of Specific Documents.</u>  No party may withhold

information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

        8.    <u>Challenges by a Party to Designation as Confidential.</u> Any Confidential designation is subject to challenge by any party or non-party (hereafter "party"). The following procedure shall apply to any such challenge.

        a.    Objection to Confidentiality. Within 30 days of the receipt of any document designated Confidential or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed. Documents designated Confidential shall be considered Confidential and subject to the requirements of this Order until designated otherwise by waiver, agreement or order of the Court.

        b.    Obligation to Meet and Confer. The objecting party and the party which designated the documents to which objection has been made shall have five (5) working days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the Confidential designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

        c.    Obligation to File Motion. In the absence of agreement as to any documents designated Confidential, the designating party shall file within 10 working days of the service of the objection a motion to retain the Confidential designation. The moving party has the burden to show good cause for the Confidential designation. The failure to file the motion waives the Confidential designation of documents to which objection was made.

        9.    <u>Power of Court.</u> Nothing in this Order or any action or agreement of a party under this Order limits the Court"s power to make orders concerning the disclosure of documents produced in discovery or at trial.

        10.    <u>Use of Confidential Documents or Information at Trial.</u> A party which intends to present or which anticipates that another party may present at trial Confidential documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

        11.    <u>Obligations on Conclusion of Litigation.</u>

        a.    Order Remains in Effect. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

        b.    Return of Confidential Documents. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as

Confidential under this Order, including copies as defined in ¶ 6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated Confidential, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be Confidential under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Confidential documents.

    c.    Return of Documents Filed under Seal. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12.    <u>Order Subject to Modification.</u> This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

13.    <u>No Prior Judicial Determination.</u> This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Confidential by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14.    <u>Persons Bound.</u> This Order shall take effect when entered and shall be

binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Enter:_____

_____
Judge

| | |
|---|---|
| Respectfully Submitted,<br>Plaintiff,<br>Paul M Powell, | Respectfully Submitted,<br>Defendant,<br>Peoria Housing Authority, |
| By: s/ Charles S. Watson<br>Charles S. Watson, No. 06186244<br>Attorney for the Plaintiff<br>Watson Law | By: s/ Scott R. Paulsen<br>Scott R. Paulsen, No.<br>Attorney for the Defendant<br>Kavanagh, Scully, Sudow, White & Frederick |
| P.O. Box 5477<br>Springfield, IL 62705-5477<br>217.544.6165 (V)<br>217.544.6224 (F)<br>cswatson@cswlaw.com | 301 S.W. Adams Street, Suite 700<br>Peoria, Illinois 61602<br>309-676-1381 Telephone<br>309-676-0324 |

ATTACHMENT A

United States District Court
Central District of Illinois
Peoria Division

Paul Powell
v.                          Case No. 04-1123
Peoria Housing Authority

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

    The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court designated above in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated Confidential in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

    The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

    _____

    _____

Date: _____    _____
                                           Name: