


IN THE U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Paul Powell, | |
| Plaintiff, | |
| v. | No. 04-1123 |
| Peoria Housing Authority, | |
| Defendant. | |

## PRE-TRIAL ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and CDIL-LR -LR 16.1; and Charles S. Watson having appeared as counsel for the plaintiffs, Paul Powell, and Scott Paulson having appeared as counsel for the defendants, Peoria Housing Authority, the following action was taken:

### I. NATURE OF ACTION AND JURISDICTION

This is an action for Damages, and Injunctive Relief, for an alleged violation of Title VII and §1981, and the jurisdiction of the court is invoked under 28 U.S.C. § 1331 and §1343. The Jurisdiction of the Court is not disputed in the pleadings.

### II. JOINT STATEMENT

**A. JURISDICTION:** Uncontested that the court has jurisdiction of the parties and the cause as the Plaintiff's allegations concern matters that allegedly implicate federal statutes and the claims involve alleged actions in the central district of Illinois.

**B. UNCONTESTED ISSUES OF FACT:**

I.   Plaintiff's Employment with Defendant.
II.  Defendant's status as a governmental entity and employer of the Plaintiff.

**C. CONTESTED ISSUES OF FACT:**

I.   All issues of Liability & Damages

II. Whether plaintiff was discriminated against on the basis of his race
III. Whether plaintiff suffered an adverse job action as a result of discrimination on the basis of his race

### D. CONTESTED ISSUES OF LAW:

I. None to the knowledge of the plaintiff

### E. JURY DEMAND:

I. None

### III. PLAINTIFF'S STATEMENT

#### A. STATEMENT OF CASE:

Plaintiff, Paul Powell, is a carpenter with the defendant, Peoria Housing Authority. Mr. Powell claims that he has been discriminated against on the basis of his race ~~and his religion~~ by the Housing Authority. He claims that, among other things, he has been denied promotions, given poor quality equipment, and given poor assignments of work. He further claims that he has been harassed on the basis of his race ~~and religion~~, and has been retaliated against since he filed his charge of discrimination. Mr. Powell claims that he has lost wages he would have earned if he had been promoted, and has suffered a great deal of emotional distress as a result of these acts. The defendant denies all of Mr. Powell's claims and denies that he has been injured.

#### B. ITEMIZATION OF DAMAGES:

I. loss of income from denied promotions . . . . . . . . . . $varies with job denied
II. emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $50,000.00

### V. EXHIBITS ATTACHED

The following are attached as exhibits to this Order and are made a part hereof:

A. Plaintiff Witness List    B. Defendant Witness List
C. Plaintiff Exhibit List    D. Defendant ~~Witness~~ List *Exhibit*

2

## VI. GENERAL ADDITIONAL

IT IS UNDERSTOOD BY THE PARTIES THAT:

Any Trial Briefs or Motions in limine shall be submitted no later than fourteen (14) days prior to the commencement of the trial.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed 2 full days.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

IT IS SO ORDERED.

s/ John A. Gorman
John Gorman
United States Magistrate Judge

ENTERED: 10-31-06

APPROVED AS TO FORM AND SUBSTANCE:

_____
Attorney for the Plaintiff(s)

_____
Attorney for the Defendant(s)

## WITNESS LIST FOR PLAINTIFF

| Case Name: Paul Powell v. Peoria Housing authority | Case No.: 04-1123 | Page ___ of ___ | |
|---|---|---|---|
| Witness Name | Address | Expert | Adverse |
| Rick Anderson | 1203 Janssen, Pekin, IL | | |
| David Burns | 2103 N. Gale St., Peoria, IL | | |
| Jimmy Garry | 2641 N. Kingston Dr., Peoria, IL 61604 | | |
| Curt Hauk | 2117 N. Charlotte, Peoria, IL | | |
| Darryl Moody | 2412 N. Main St., East Peoria, IL 61611 | | |
| Dan Pierson | | | |
| Paul Powell | 1005 W. Nowland Peoria IL 61604 | | |
| Robert Rutherford | 2818 W. Meidroth Peoria IL 6160 5 | | |
| George Sephus | 4610 W. Hetherwood, Peoria, IL 61604 | | |
| Ruth Simkins | 100 S. Richard Pryor Place, Peoria, IL 61605 | | |
| Jacqueline Williams | 100 S. Richard Pryor Place, Peoria, IL 61605 | | |
| Roger John | 6927 W Legion Hall Rd Dunlap, IL 51525 | | x |
| | | | |
| | | | |
| | | | |

# EXHIBIT LIST FOR PLAINTIFF

| Case Name: Paul Powell v. Peoria Housing authority | Case No.: 04-1123 | Page___of____ | | |
|---|---|---|---|---|
| No | Description | Admit Without Objection | Authentication Waived | Objection |
| 1 | Charge of Discrimination | | | |
| 2 | Powell Powell Performance Review | | | |
| 3 | Powell letter to Peoria Housing | | | |
| 4 | Internal post for maintenance set up | | | |
| 5 | Vacancy announcement for MS | | | |
| 6 | Rejection letter for Maintenance Superintendent | | | |
| 7 | Memo regarding vehicle assignments | | | |
| 8 | Memo re withdrawal of written reprimand | | | |
| 9 | Powell Grievance Complaint | | | |
| 10 | Letter to Peoria Housing Authority concerning verbal reprimand to Powell | | | |
| 11 | Letter to Moody from PHA explaining verbal reprimand | | | |
| 12 | Powell Grievance letter to PHA concerning disciplinary action | | | |
| 13 | Written reprimand given to Powell | | | |
| 14 | Promotion Materials/ Maintenance Supervisor | | | |
| 15 | Pay Increase Action Form | | | |

| Case Name: Paul Powell v. Peoria Housing authority | | Case No.: 04-1123 | | Page___of___ |
|---|---|---|---|---|
| No | Description | Admit Without Objection | Authentication Waived | Objection |
| 16 | Maint. Roster, Sept. 02 | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

12955.7020

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

PAUL M. POWELL           )
       Plaintiff,    )
vs.                      )   CASE NO. 04-1123
                         )
PEORIA HOUSING AUTHORITY, a )
Municipal Corporation,   )
       Defendant.    )

## WITNESS LIST FOR DEFENDANT

| Witness Name | Address | Expert | Adverse |
| --- | --- | --- | --- |
| Curt Hauk | c/o PHA<br>100 S. Richard Pryor Place<br>Peoria, IL 61605 | | |
| Roger John | 6927 W. Legion Halll Road<br>Dunlap, IL 61525 | | |
| Robert McFall | Peoria Housing Authority<br>100 S. Richard Pryor Place<br>Peoria, IL 61605 | | |
| Robert Rutherford | 2818 W. Meidroth<br>Peoria, IL 61605 | | |
| Ruth Simpkins | Peoria Housing Authority<br>100 S. Richard Pryor Place<br>Peoria, IL 61605 | | |
| Jackie Williams | Peoria Housing Authority<br>100 S. Richard Pryor Place<br>Peoria, IL 61605 | | |

12955.7020

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| PAUL M. POWELL | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | CASE NO. 04-1123 |
| | ) | |
| PEORIA HOUSING AUTHORITY, a | ) | |
| Municipal Corporation, | ) | |
| Defendant. | ) | |

**EXHIBIT LIST: DEFENDANT**

| Exh.# | Date | Description | Adm w/o Obj | Auth W'd | Obj |
| --- | --- | --- | --- | --- | --- |
| | Oct 8, 1992 | EXH: Confidentiality Agreement & Employment Affidavit | | | |
| | Oct. 8, 1992 | EXH: Personnel Change Notice | | | |
| | Oct. 9, 1992 | EXH: Application for Employment by Paul Powell. | | | |
| | June 11, 1998 | EXH: Asset Accountability Form | | | |
| | Mar. 8, 2002 | EXH: Vacancy: Maintenance Supervisor Posted. Deadline: March 15, 2002 @ 5 pm. List of applicants for position included | | | |
| | Apr. 10, 2002 | EXH: Deadline for Vacancy Announcement. Date Posted: Not indicated on Announcement. Deadline is "Wed. April 10th 5 p.m." but no year. April 10, 2002 was a Wednesday. | | | |
| | Sept. 24, 2002 | EXH: Memo: PHA Vehicle Assignment/Maintenance Dept. | | | |
| | Dec. 16, 2002 | EXH: Vacancy Announcement: Maintenance Supervisor. Deadline: January 6, 2003. Includes list of applicants. | | | |

Exh. List: Powell v. PHA          1          Revised: 10/31/2006 at 12:02 PM

|  | June __, 2003 (not dated) | EXH: Internal Posting Temporary Appointment Vacancy: Acting Maintenance Supervisor Deadline: 5 pm, Monday June 30, 2003 |  |  |  |
|---|---|---|---|---|---|
|  | 2003 | EXH: PHA Policy Manual. Pages 86 – 89. |  |  |  |
|  | June 27, 2003 | EXH: Curt Hauk writes of interest for Acting Maintenance Supervisor; "only employee who applied for the position." |  |  |  |
|  | July 8, 2003 | EXH: Personnel Change Notice for Hauk, Curtis Status New: Acting Maintenance Supervisor; Maintenance; Harrison. |  |  |  |
|  | July 11, 2003 | EXH: Letter from PHA to Curtis Hauk. Offer of employment – Maintenance Supervisor Exempt (management level) position. |  |  |  |
|  | July 11, 2003 | EXH: Personnel Change Notice for Hauk, Curtis Change: Promotion Status New: Supervisor, Maintenance; Modernization. |  |  |  |
|  | July 22, 2003 | EXH: Tele-Memo Computer print out. Powell: Wont be in today taking an extended vacation day |  |  |  |
|  | 2002 | EXH: 2002 Collective Bargaining Agreement Page 18. |  |  |  |
|  | 2003 | EXH: PHA Policy Manual. Page 56. |  |  |  |
|  | July 23, 2003 | EXH: Vacancy Announcement: Maintenance Supervisor. Deadline: August 8, 2003. Includes list of applicants. |  |  |  |
|  | July 28, 2003 | EXH: Union Representation form Mtg w/ Powell; he requests union rep at mtg. |  |  |  |
|  | July 28, 2003 | EXH: Notification of Disciplinary Action (form) Paul Powell. Verbal Reprimand; disciplined for extended vacation day. |  |  |  |