UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **Paul M. Powell**, <br><br> Plaintiff, <br><br> v. <br><br> **Peoria Housing Authority, a Municipal Corporation**, <br><br> Defendant. | No. 04-1123 |

STATEMENT OF CASE

BASIC FACTUAL PREDICATE

Plaintiff, Paul Powell, is an African-American and a carpenter with the defendant, Peoria Housing Authority. Mr. Powell claims that he has been discriminated against on the basis of his race by the Housing Authority. He claims that, among other things, he has been denied promotions, given poor quality equipment, and given poor assignments of work. He further claims that he has been harassed on the basis of his race, and has been retaliated against since he filed his charge of discrimination. Mr. Powell claims that he has lost wages he would have earned if he had been promoted, and has suffered a great deal of emotional distress as a result of these acts. The defendant denies all of Mr. Powell's claims and denies that he has been injured.

Although he had worked for it at an earlier date, after a period of time away Paul Powell began working for the Peoria Housing Authority again as a carpenter in the maintenance Department. Although on occasion he worked at other sites, as a general rule Mr. Powell has been assigned to only one site while white carpenters and maintenance workers have rotated among various sites.

Powell claims of that white carpenters are was given priority on the assignment of vehicles, tools, and worksites. He asserts that black carpenters receive the "hand-me-downs" on work tools and trucks, and have little or no say in their worksite assignments. The Harrison homes are considered, according to Mr. Powell, to be the worst site run by the authority. Nobody wants to work there. However, Mr. Powell testify that white carpenters never receive assignments at the Harrison homes. Mr. Powell also testified that in his experience the carpenter shop at Harrison homes,

where the carpenters are almost exclusively black, has never received any updating or remodeling, in contrast to those worksites were whites typically work.

Mr. Powell has met with officials of the authority, including the former executive director, but to no avail. Mr. Powell complained about being discriminated against on the basis of his race.

After Powell complained about his treatment he claims that his work began to be scrutinized at much greater detail, and he learned that it was the intent of the Executive Director to find an acceptable basis for firing him. Mr. Powell claims that his supervisors have been ordered to change his job evaluations downward without cause.

Powell claims to have been denied a promotion, in favor of a white applicant – when even the person who got the job believes that Powell was better qualified.

The Authorities' racial animus is exemplified by the alleged decision by the Executive Director to remove all union members from supervisory positions. All of the supervisors in the union were black. Since that decision was made a supervisory roles of the Maintenance Department have turned over from a majority of blacks to only one -- and he was demoted into the position.

The Authority denies all of the allegations made by the Plaintiff. The Authority denies that race is a factor in any of its decision making. The Authority specifically denies that Powell's race was a factor in making the promotion referred to above.

LEGAL BACKGROUND

Pursuant to the court's instructions the basic legal background of this case is presented by reference to and adaptation of the Model Jury Instructions of the Seventh Circuit.

Plaintiff claims that he was denied good work assignments, given poor or second rate equipment, and denied promotion by Defendant because of his race. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that he was denied good work assignments, given poor or second rate equipment, and denied promotion by Defendant because of his race. To determine that Plaintiff was denied good work assignments, given poor or second rate equipment, and denied promotion because of his race, you must decide that Defendant would not have denied good work assignments, given poor or second rate equipment, and denied promotion

Plaintiff had he been white but everything else had been the same.
Source Instruction 3.01

Plaintiff claims that he was retaliated against by Defendant because of his complaints that he was being discriminated against on the basis of race and religion. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant denied plaintiff good work assignments, gave him poor or second rate equipment, and denied him promotion because he complained about being discriminated against on the basis of his race and religion.  To determine that Plaintiff was denied good work assignments, given poor or second rate equipment, and denied promotion because of his complaints of race and religious discrimination, you must decide that Defendant would not have denied plaintiff good work assignments, given him poor or second rate equipment, and denied him promotion if he had not complained of being discriminated against but everything else had been the same.
Source Instruction 3.02

Respectfully Submitted,
Plaintiff,
Paul M. Powell,

By: s/ Charles S. Watson
Charles S. Watson, No. 06186244
Attorney for the Plaintiff
Watson Law
P.O.Box 5477
Springfield IL 62705-5477
217.544.6165 (V)
217.544.6224 (F)
cswatson@cswlaw.com